IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT S. CHEATLE, JR. and NANCY A. CHEATLE, h/w | : : : |
| v. | : : |
| DAVID A. KATZ and DAWN KATZ and PARADISE CONTRACTORS, INC. and PARADISE PINES HOMEOWNERS ASSOCIATION and PARADISE MANAGEMENT GROUP, INC. and PARADISE DEVELOPMENT GROUP, INC. | : : : : : : : : : : : : : |

CIVIL ACTION NO. 02-CV-4405

<u>ORDER</u>

AND NOW, this    day of         , 2002, IT IS ORDERED that Defendants' Motion to Strike Lis Pendens is GRANTED, and the lis pendens entered is STRICKEN.  IT IS FURTHER ORDERED that plaintiffs shall forthwith take all action necessary to remove the lis pendens which they caused to be filed in Montgomery County at No. 02-12304.

BY THE COURT:

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT S. CHEATLE, JR. and<br>NANCY A. CHEATLE, h/w<br><br>      v.<br><br>DAVID A. KATZ and DAWN KATZ<br>     and<br>PARADISE CONTRACTORS, INC.<br>     and<br>PARADISE PINES HOMEOWNERS<br>ASSOCIATION<br>     and<br>PARADISE MANAGEMENT GROUP,<br>INC.<br>     and<br>PARADISE DEVELOPMENT GROUP,<br>INC. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO. 02-CV-4405<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' MOTION TO STRIKE LIS PENDENS

Defendants, by their attorneys, Vangrossi and Recchuiti, move the Court to strike the lis pendens indexed against their real property in the Court of Common Pleas of Montgomery County, Pennsylvania, and in support aver:

1. This is an action asserting various claims arising out of the sale and construction of plaintiffs' home.

2. On the basis of this action, and after its filing, plaintiffs filed in the Court of Common Pleas of Montgomery County, Pennsylvania, at No. 02-12304, a Praecipe for Lis Pendens against the land of defendants, David A. Katz and Dawn A. Katz.

A copy of the Praecipe, made prior to filing, is attached as Exhibit "A" to plaintiffs' Complaint, and Count III of plaintiffs' Complaint refers to its indexing.

    3.  Plaintiffs have also caused this action to be indexed against their own land in the Court of Common Pleas of Montgomery County, Pennsylvania.  A copy of that Praecipe, made prior to filing, is attached as Exhibit "9" to plaintiffs' Complaint.

    4.  This action may not be indexed as a lis pendens against the land of defendants, because the title to that land is not at issue in this case.

    5.  No other basis exists to index this action as a lis pendens against defendants' land.

    6.  The Memorandum of Law in Support of this Motion, attached hereto, is incorporated by reference as if fully set forth herein.

    WHEREFORE, defendants pray that this Court enter an Order striking the indexing of this action as a lis pendens, and directing plaintiffs forthwith to take action to remove the lis pendens they caused to be indexed in the Court of Common Pleas of

Montgomery County, Pennsylvania against the land of defendants David and Dawn Katz.

> VANGROSSI AND RECCHUITI
>
> By_____
> Francis Recchuiti, Esquire
> Attorney I. D. No. 09284
> 319 Swede Street
> Norristown PA  19401-4801
> (610) 279-4306
> (Attorneys for Defendants)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ROBERT S. CHEATLE, JR. and      :
NANCY A. CHEATLE, h/w           :
                                :
          v.                    :
                                :
DAVID A. KATZ and DAWN KATZ     :
          and                   :
PARADISE CONTRACTORS, INC.      :   CIVIL ACTION NO. 02-CV-4405
          and                   :
PARADISE PINES HOMEOWNERS       :
ASSOCIATION                     :
          and                   :
PARADISE MANAGEMENT GROUP,      :
INC.                            :
          and                   :
PARADISE DEVELOPMENT GROUP,     :
INC.                            :
```

MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO STRIKE LIS PENDENS</u>

This is an action arising from the sale and construction of the home of plaintiffs Robert and Nancy Cheatle. Plaintiffs assert a federal claim under the Racketeer Influenced Corrupt Organizations Act, and several claims under Pennsylvania law. A Motion to Dismiss that action is pending. Plaintiffs caused this action to be indexed as a lis pendens against their own land, and the land of defendants, David and Dawn Katz, in the Court of Common Pleas of Montgomery County. Because this action

1

does not involve title to any land owned by defendants Katz, the lis pendens must be stricken.  In the alternative, the Court should exercise its discretionary power to strike the lis pendens.

Lis pendens is the jurisdiction, power or control a court acquires over property that is involved in the lawsuit.  It does not create a lien, but gives notice to third parties that the property is subject to the litigation.  Vintage Homes, Inc. v. Levin, 382 Pa. Super. 146, 554 A.2d 989, 994 allocatur denied, 524 Pa. 622, 571 A.2d 384 (1989).  Lis pendens is available only in cases involving the adjudication of rights in specific property.  Unless the title to the real estate subject to the indexing is involved in the litigation, the lis pendens must be stricken.  Psaki v. Ferrari, 377 Pa. Super. 1, 546 A.2d 1127, 1128 (1988) allocatur denied, 522 Pa. 578, 559 A.2d 39 (1989).  With these principles in mind, we quote all the allegations of plaintiffs' Complaint that in any way refer to anybody's land.

Paragraph 2 of the Complaint states:

"Defendants, David A. Katz and Dawn Katz, husband and wife, (sometimes collectively hereinafter referred to as 'Katz'), are Pennsylvania citizens residing at 832 Paradise Drive, Ambler Pa 19002 (the 'Katz Residence').  The Katz Residence is located on one of four lots of land previously constituting a single parcel, referred to at times as 'Paradise Pines' or 'Paradise Drive'; Katz

>caused the original parcel to be subdivided ultimately into four (4) residential lots. The Cheatles' Land (Lot 3) is contiguous with Lot 4, the Katz lot to the east; while Lot 2 of the subdivided parcel is adjacent to the Cheatles' Land to the west (the 'Mullen's Lot'). A true and correct copy of a 'Grading Plan - Lot 3 prepared for David & Dawn Katz' dated February 11, 2000, drawn from the files of Horsham Township, is attached hereto, made a part hereof, marked Exhibit 3; the Grading Plan is also a corollary exhibit document appended to the Construction Contract. Katz also maintain their residence as a registered business address for the corporate defendants. David A. Katz was and is a signator party to the Agreement and to the Construction Contract; he was the title holder of record to the Land at the time of the sale and conveyance to the Cheatles, and is the 'Seller' under the Agreement."

This paragraph identifies real estate, but avers no interest of the plaintiffs in any land belonging to the defendants.

>Paragraph 12.G. states:
>
>"Katz personally assured the Cheatles, represented and warranted prior to and as a material inducement to the Cheatles' execution of the Agreements, and consistent therewith, was and is contractually bound to the commitment that the common elements, areas, and spaces of Paradise Pines or Drive, would be maintained and preserved by the Paradise Pines Homeowners Association; and the foregoing assurances, representations and warranties did induce the Cheatles to execute the Agreements; to remit specified assessments at the Closing under the Construction Contract; and, to pay and continue to pay monthly dues to the Katz and/or to the HOA.
>
>1.   notwithstanding, Katz failed to record

3

>any HOA related documentation as required under and pursuant to Horsham Township Council's Resolution No. 96-68, paragraph 7, and that certain Agreement to Accept Conditions dated November 13, 1996, by and between David A. Katz and Horsham Township, paragraph 1(g); and, pursuant to the Pennsylvania Uniform Planned Community Act, more specifically described in Count VIII below which renders the HOA a legal nullity; and in failing to do so, caused a defect and/or potential defect in the Cheatles' title to Lot 3 not to be insured by their title insurer at Closing, and have continued to collect HOA dues and assessments to the economic detriment of the Cheatles but to the economic advantage of the Katz and/or Paradise HOA."

This paragraph relates only to an alleged defect or potential defect in the Cheatles' title to their own land, not the land of defendants Katz.

>Paragraph 15.G. alleges:
>
>"That certain recreational facilities (basketball court) would be provided to the Cheatles for their use and their children's use tantamount to an easement running with the Land and with Katz' Lot 4, during and at all times while the Cheatles resided in their Home"

As will be explained below, this allegation does not create an easement, but merely a revocable license that does not affect title to real property.

>Paragraph 15.H. alleges:
>
>"The proper organization, existence and recordation under Horsham Township Council's Resolution No. 96-68 and the Uniform Planned

4

>Community Act (68 Pa.C.S.A. §5101. et seq.) of Paradise Pines Homeowners Association ('HOA') despite collecting HOA assessments from the Cheatles at the Closing and continuing to collect monthly HOA dues."

This paragraph addresses the validity of a homeowners association, and does not suggest a right by the plaintiffs in defendants' land.

>Paragraph 23 alleges:
>
>"Katz's obligation to convey the Land so as to accommodate the Home for the Cheatles pursuant to the Plans was and is unconditional. See Exhibit 1, ¶4 and Exhibit 2, ¶6, cited above at Paragraph 11B(19) above."

This is a reference to plaintiffs' land.

Nothing in this case in any way suggests that title to the land of David and Dawn Katz, against which this action was indexed as a lis pendens, is in any way in question. The indexing of this action as a lis pendens was, therefore, improper.

Lis pendens is not available to satisfy a possible judgment. It may be filed only when title to the real estate is at issue. Crown Cork & Seal Co. v. Ascah, 1994 WL 147738 (E.D.Pa. 1994). It may not be invoked in a civil RICO action, because forfeiture of real estate is not available. Short v. Weinrebe, 1988 WL 12511 (E.D. Pa. 1988). In Pen-Del Mortgage Associates v. Federal Deposit Insurance Corporation, 1994 WL 318445 (E.D.Pa. 1994) (Hutton, J.), this Court held that an

action challenging the sale of real estate to a third party on the basis of fraud and interference with contractual relations did not support a lis pendens because of the absence of an executed agreement of sale that would support a claim of title in plaintiff.

The only paragraph of plaintiffs' Complaint that asserts any interest in land belonging to defendants Katz, is ¶15.G., which claims that the promise that the Cheatles' children could use the Katz family basketball court is "tantamount to an easement running with the land". It is not. At best, it is a license, revocable at the will of the party granting it. There is no reference to a writing conveying any interest or right to use the basketball court on the Katz property. Easements are interests that run with the land and which must comply with the Statute of Frauds. They cannot be created absent a writing (or prescriptive rights not sustained by the allegations of this Complaint). <u>Burns v. Baumgardner</u>, 303 Pa. Super. 85, 449 A.2d 590, 594 (1982). Any right to use property not founded on a writing is merely a revocable parol license. <u>Stein v. Bell Telephone Co. of Pennsylvania</u>, 301 Pa. 107, 151 A. 690 (1930).

A license is simply the authority to do a particular act or series of acts on the land of another without possessing any estate in it. It is confined to the original parties, its

terms must be strictly followed, and it is revocable at the will of the licensor. Baldwin v. Taylor, 166 Pa. 507, 31 A. 250 (1895). To give it any greater effect would abrogate the Statute of Frauds. Baldwin, supra.

There is nothing in this action which would affect title to the real estate of David and Dawn Katz against which this case has been indexed as a lis pendens. Even if there were, the interest is so slight, the Court should exercise its discretion to strike the lis pendens. Rosen v. Rittenhouse Towers, 334 Pa. Super. 124, 482 A.2d 1113 (1984); Pen-Del Mortgage Associates v. Federal Deposit Insurance Corporation, 1994 WL 318445 (E.D.Pa. 1994) (Hutton, J.).

        VANGROSSI AND RECCHUITI

By_____
Francis Recchuiti, Esquire
Attorney I. D. No. 09284
319 Swede Street
Norristown PA  19401-4801
(610) 279-4306
(Attorneys for Defendants)

CERTIFICATE OF SERVICE

      I, FRANCIS RECCHUITI, Esquire, hereby certify that on the date set forth below a true and correct copy of the foregoing document was served upon the following counsel in the manner indicated below.

      Service by first class mail, as follows:

      John C. Fenningham, Esquire
      Maura F. Ratigan, Esquire
      Corr, Stevens & Fenningham
      Suite 315, 5 Neshaminy Interplex
      Trevose PA  19053
      (Attorneys for Plaintiff)

                                        _____
                                        Francis Recchuiti, Esquire
                                        Attorney for Defendants

Date:  August 22, 2002