IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT S. CHEATLE, JR. and NANCY A. CHEATLE, husband and wife | : | CIVIL ACTION NO. 02-CV-4405 |
| | : | |
| vs. | : | |
| | : | |
| DAVID A. KATZ and DAWN KATZ<br>  and<br>PARADISE CONTRACTORS, INC.<br>  and<br>PARADISE PINES HOMEOWNERS ASSOCIATION<br>  and<br>PARADISE MANAGEMENT GROUP, INC.<br>  and<br>PARADISE DEVELOPMENT GROUP, INC. | : | |

PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Plaintiffs, Robert S. Cheatle, Jr. and Nancy A. Cheatle, husband and wife, by and through their undersigned counsel, hereby respectfully submit this Memorandum of Law in opposition to Defendants' Motion to Strike Lis Pendens and in support of Plaintiffs' request for an entry of an Order denying Defendants' Motion to Strike.

I.   INTRODUCTION

As explained more fully in their Complaint and Memorandum of Law in opposition to Plaintiffs' Motion to Dismiss, Plaintiffs filed their multi-claim Complaint to redress the injuries they suffered at the hands of their contractor and next-door neighbors, David and Dawn Katz, and their affiliated companies. Plaintiffs' pleading goes beyond the lenient federal pleading

1

requirements and provides the Defendants with sufficiently detailed allegations to place the Defendants on notice of their claims.

Nevertheless, in a strategy designed to distract the Court from their wrongdoing, the Defendants filed an untimely Motion to Strike Lis Pendens, relating to Count III of the Complaint. Plaintiffs respectfully request that the Court deny the Motion for two reasons: (1) the Motion to Strike is untimely pursuant to the requirements of Federal Rules of Civil Procedure 12(f) and 12(g); and (2) the Lis Pendens filed in the Court of Common Pleas, Montgomery County were properly indexed against David and Dawn Katz' property because, as detailed in the Complaint and attached Exhibits, Katz' failure to survey the Plaintiffs' land affects title to the Katz' own property, which they placed on the market approximately two months ago.

**II.    ARGUMENT**

    **A.    Defendants' Motion to Strike is Untimely under Fed.R.Civ.Pro. 12(f) and Barred under Fed.R.Civ.Pro. 12(g)**

Federal Rule of Civil Procedure 12(f) explains the proper procedure for a Motion to Strike:

> **(f) Motion to Strike**. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.Pro. 12(f). After numerous unsuccessful attempts at resolving the deficiencies described in the Complaint with the individual Defendants, Plaintiffs filed their Complaint on July 2, 2002, indexed the two Lis Pendens actions in the Court of Common Pleas, Montgomery

County on July 3, 2002, and hand delivered courtesy copies of the three pleadings to Defendants' counsel on July 3, 2002.  Plaintiffs' counsel had several communications with Defendants' counsel and anticipated receipt of the Acceptance of Service forms.  When Plaintiffs' counsel did not receive the forms, the Complaint and Lis Pendens actions were served on August 12, 2002.

Forty-one (41) days after Defendants' initial receipt of the courtesy copies of the Complaint and Lis Pendens, they filed a Motion to Dismiss, on August 13, 2002, one day after being formally served!  Defendants mailed their Motion to Strike to the Court for filing nine (9) days later, on August 22, 2002.  Defendants' Motion to Strike is untimely under the foregoing chronology and circumstances.

Additionally, Defendants' Motion to Strike under Rule 12 is barred by Rule 12(g).  To curtail burdensome and inefficient motion practice, Rule 12(g) provides:

> **(g) Consolidation of Defenses in Motion**.  A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party.  *If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted except a motion as provided in subdivision h(2) hereof on any of the grounds there stated.*

Fed.R.Civ.Pro. 12(g) (emphasis added).  As noted above, Defendants filed a Motion to Dismiss pursuant to Rule 12(b) on August 13, 2002.  Nine days later, they mailed this Motion to Strike to the Court.  Notwithstanding Rule 12(g), they did not consolidate the motions, and as a result, Rule 12(g) prohibits the current Motion to Strike.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion to Strike on the basis of Federal Rules of Procedure 12(f) and 12(g).

**B.     The Lis Pendens Actions Are Appropriate Because Title to David and Dawn Katz' Land Is At Issue.**

Plaintiffs' lis pendens actions are proper because this litigation involves title to the land owned by David and Dawn Katz.  Katz failed to survey the Land; the Defendants altered plans which affected property boundaries; they thwarted Plaintiffs' efforts to determine the metes and bounds of the property through a proper survey; and, Defendants may have installed Plaintiffs' exterior electrical controls on what is being held out as the Katz' own property.  Therefore, this action affects title to the Katz' property.

As detailed in the Complaint, the Defendants represented that the Plaintiffs' Land would accommodate the Home selected by Plaintiffs.  See Compl. ¶ 12A.  Because Defendants did not obtain a variance from the Township Zoning Board to construct the as-contracted-for Home, they unilaterally altered the design plans and substituted revised plans without the Plaintiffs' consent or knowledge.  See id. ¶¶ 12.A.1, 15.  Within this scheme, Katz also failed to survey the Land.  Indeed, Plaintiffs commissioned a survey at their own expense, yet Dawn Katz physically removed the survey stakes from Plaintiffs' lot.  See Compl., Exhibit 4 ("survey and stake" noted as an additional expense that Plaintiffs incurred).

Because David and Dawn Katz failed to survey the Land, Plaintiffs have now discovered, upon information and belief, and through their own survey, that Katz failed to adhere to a definitive side yard boundary line between their home and the Plaintiffs.  As a result, Plaintiffs now believe that David and Dawn Katz erroneously placed some of Plaintiffs' electrical controls, including Plaintiffs' exterior sprinkler system controls, on the Katz' own property.  See Exhibit 3, "Grading Report;" Exhibit 4, item # 66 (entire electrical system to be inspected for compliance).

To the extent that full and complete relief is afforded to Plaintiffs with regard to the issue raised in the Complaint with respect to the Home design "fitting" on the site, additional footage may need to be ceded over to the Plaintiffs by the individual Defendants. Therefore, due to their own acts and/or omissions, David and Dawn Katz placed title to their own land at issue in this litigation.

Defendants also request that this Court use its discretionary power to strike the lis pendens. While courts possess discretion in weighing Rule 12(f) motions, "such motions are not favored and will generally be denied unless the material bears no possible relation to the matter at issue and may result in prejudice to the moving party." Dixon v. Boscov's Inc., 2002 WL 1740583 * 4 (E.D. Pa. July 17, 2002) (Reed, S.J.) (quoting Miller v. Group Voyagers, Inc., 912 F. Supp. 164 (E.D. Pa.. 1996)). As explained above, title to Katz' land is at issue, and Defendants have not demonstrated any prejudice from the lis pendens actions. Therefore, Defendants' Motion to Strike should be denied.

At this early stage of the proceeding, and as David and Dawn Katz attempt to sell their home to an unsuspecting buyer (see Compl., Exhibit 5), and for the reasons set forth in their Complaint, Plaintiffs believe title to Katz' land is at issue. Accordingly, Plaintiffs properly indexed the Praecipes for Lis Pendens in the Court of Common Pleas, Montgomery County.

III.  **CONCLUSION**

        Based on the foregoing procedural and substantive grounds, Plaintiffs respectfully request that Defendants' Motion to Strike Lis Pendens, relating to Count III of Plaintiffs' Complaint, be denied.

Respectfully submitted,

_____
John C. Fenningham
Maura F. Ratigan
Corr, Stevens & Fenningham
Five Neshaminy Interplex, Suite 315
Trevose, PA  19053

Attorneys for Plaintiffs

Dated: September 9, 2002

F:\WP\WORK\RTG\CHE-KATZ.MOL

## **CERTIFICATE OF SERVICE**

  I, Maura F. Ratigan, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiffs' Answer and Memorandum of Law in Opposition to Defendants' Motion to Strike was served on the following individual *via* first class U.S. Mail, postage prepaid, on September 9, 2002:

    Francis Recchuiti, Esquire
    VANGROSSI & RACHET
    319 Swede Street
    Norristown, PA  19401-4801

    Attorney for Defendants

    _____
    Maura F. Ratigan