```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ROBERT S. CHEATLE, JR. and      :
NANCY A. CHEATLE, h/w           :
                                :
          v.                    :
                                :
DAVID A. KATZ and DAWN KATZ     :
          and                   :
PARADISE CONTRACTORS, INC.      :   CIVIL ACTION NO. 02-CV-4405
          and                   :
PARADISE PINES HOMEOWNERS       :
ASSOCIATION                     :
          and                   :
PARADISE MANAGEMENT GROUP,      :
INC.                            :
          and                   :
PARADISE DEVELOPMENT GROUP,     :
INC.                            :
```

DEFENDANTS' REPLY MEMORANDUM OF LAW
<u>WITH REGARD TO THEIR MOTION TO STRIKE LIS PENDENS</u>

Although plaintiffs see the need to open every brief with assertions of how greatly they claim to have suffered at the hands of the defendants, defendants will not engage in similar conduct and speculate why plaintiffs have chosen to index this action as a lis pendens. We only note they cited no case or statute which allows this.

Plaintiffs make no efforts to distinguish any of the cases cited in support of the motion to strike the lis pendens. Instead, they begin with an assertion that somehow the provisions of F.R.C.P. 12 bar the present Motion.

Federal Rule of Civil Procedure 12 addresses <u>pleadings</u> and motions directed to them.  Pleadings are defined in F.R.C.P. 7(a):

> "(a)  Pleadings.  There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

A lis pendens is not listed as a pleading.  Plaintiffs cite no authority for the proposition that the rules governing pleadings apply to the indexing of an action as a lis pendens and a motion to strike it.

Plaintiffs rely on F.R.C.P. 12(g) to assert that filing a motion to dismiss without a motion to strike lis pendens is a waiver of the right to strike it.  That rule provides:

> "Consolidation of Defenses in Motion.  <u>A party who makes a motion under this rule</u> may join with it any other motions herein provided for and then available to the party.  If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated."  [emphasis added]

A motion to strike a lis pendens is not listed as a motion under Rule 12.  The fact that a Rule 12(f) motion directed to insufficient defenses or scandalous or impertinent matters also happens to be called a "motion to strike" does not make a motion to strike a lis pendens a Rule 12 motion.  It is simply a motion under F.R.C.P. 7(b), an application to the Court for an order.

There are no time limitations on such a motion, nor do plaintiffs cite any state or federal case holding that there is a particular time limit or joinder requirement concerning a motion to strike lis pendens.  There is no such authority.

Under state court practice, the proper procedure to seek to strike a lis pendens is petition and rule to show cause.  <u>P. S. Stauffer & Sons, Inc. v. Kromez, Inc</u>., 24 Bucks 13, 62 D.& C.2d 413 (C.P. Bucks Cty. 1973).  The Rule 7(b) motion is the federal equivalent.

Plaintiffs rely on vague claims that the relief they seek may require the individual defendants to cede land, notwithstanding their acceptance of the deed.  They cite no case that stands for the proposition that any of the claims they make would require that property be ceded.  There was no requirement in the Agreement of Sale for a survey, nor would this affect title to land.  There are no allegations concerning the alleged failure of the property to conform to zoning requirements that could not be

remedied at law.

Plaintiffs cite no case supporting the indexing of an action of a lis pendens under these circumstances. They make no effort to find an analogy. There is none. Instead, plaintiffs want this Court to take an unprecedented action that will deprive the Katzes of the right to convey land they own pending this litigation.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Memorandum of Law in Support of Defendants' Motion to Strike Lis Pendens, plaintiffs should be directed to take immediate action to withdraw and release the indexing of this action as a lis pendens in the Court of Common Pleas of Montgomery County.

```
                              VANGROSSI AND RECCHUITI


                              By_____
                              Francis Recchuiti, Esquire
                              Attorney I. D. No. 09284
                              319 Swede Street
                              Norristown PA  19401-4801
                              (610) 279-4306
                              (Attorneys for Defendants)
```

CERTIFICATE OF SERVICE

      I, FRANCIS RECCHUITI, Esquire, hereby certify that on the date set forth below a true and correct copy of the foregoing document was served upon the following counsel in the manner indicated below.

      Service by first class mail, as follows:

      John C. Fenningham, Esquire
      Maura F. Ratigan, Esquire
      Corr, Stevens & Fenningham
      Suite 315, 5 Neshaminy Interplex
      Trevose PA  19053
      (Attorneys for Plaintiffs)

                                      _____
                                      Francis Recchuiti, Esquire
                                      Attorney for Defendants

Date:  September 18, 2002