IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ROBERT S. CHEATLE, JR. and
NANCY A. CHEATLE, h/w

     v.

DAVID A. KATZ and DAWN KATZ
    and
PARADISE CONTRACTORS, INC.       CIVIL ACTION NO. 02-CV-4405
    and
PARADISE PINES HOMEOWNERS
ASSOCIATION
    and
PARADISE MANAGEMENT GROUP, INC.
    and
PARADISE DEVELOPMENT GROUP, INC.


## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM


### First Defense - Answer

1.    Admitted in part and denied in part.  The allegations concerning the identity of the plaintiffs and the contracts are admitted, except that the agreement dated August 6, 2000 was executed after that date, and back-dated at plaintiffs' request. The remaining allegations of paragraph 1 are denied.

2.    Admitted in part and denied in part.  Insofar as David and Dawn Katz are "*sometimes* collectively referred to herein as Katz", all uses of the term "Katz" in the Complaint to include Dawn Katz are denied unless specifically admitted, since Dawn Katz was not a party to any agreement or matter involved in this action, and Dawn Katz was sued for the purpose of preventing

the conveyance of the real estate owned by David and Dawn Katz as tenants by the entireties.  It is admitted that David Katz was a party to the agreement to sell real estate attached as Exhibit "1" to Plaintiffs' Complaint.  It is denied that he was a party to the construction contract attached as Exhibit "2", which is between plaintiffs and Paradise Contractors, Inc. (PCI), a Pennsylvania corporation.  David Katz signed the Exhibits only as President of that corporation and was, thus, acting only as agent for a disclosed principal.  The address of Paradise Pines Homeowners Association is 501 Office Center Drive in Fort Washington, Pennsylvania.  The other corporate defendants have registered offices at 832 Paradise Drive.   Any remaining allegations are denied.

        3.   Admitted in part and denied in part.  The allegations that PCI is an affiliate of the "identified corporate entities", and that David Katz "controls" those corporations are denied as conclusions of law.  The use of the term "purportedly" is denied as a characterization.  The entities were organized for the purposes stated in their Articles of Incorporation.  David Katz exercises the function of Chief Executive Officer of each and Dawn Katz is Secretary of Paradise Pines Homeowners Association.  All remaining allegations are denied.

        4.   Denied.  David Katz represented that this was his first sub-division; that he had been successful with its

development so far; and that the house to be built for the

plaintiffs would be like the home PCI built for himself and Dawn

Katz.  All other allegations are denied.

    5.   Denied.

    6.   Denied, although it is admitted the individual

defendants have been sued only because of their alleged

relationship to the defendant corporations.

    7.   Denied.  Plaintiffs' claim under 18 U.S.C. §1961,

*et seq.* is a sham designed to confer jurisdiction on this Court.

There is no other basis for Federal jurisdiction.

    8.   Admitted in part and denied in part.  Venue is not

proper because this Court has no jurisdiction; but, if this Court

had jurisdiction, venue would be proper.

    9.   Admitted in part and denied in part.  The

agreement is dated October 30, 2000, but executed thereafter, and

back-dated at plaintiffs' request in order to permit their son to

attend school in the Hatboro-Horsham School District.  The

property consists of 46,269 square feet (1.06 acres), not 0.81

acres.  It is admitted that it is a top-rated building lot

adjacent to the Katz' personal residence.  All other allegations

are denied.

    10.  Admitted in part and denied in part.  The contract

was executed after August 6, 2000 as an accommodation to

plaintiffs, and was not signed by David Katz in an individual

capacity, but strictly as President of the corporate defendant, PCI, as disclosed by that document.  All characterizations of the document are denied as conclusions of law.

11.  Denied.  Paragraph 11 contains lengthy excerpts from the document attached as Exhibit "2" to Plaintiffs' Complaint, the authenticity of which have been admitted.  The quoting of excerpts with omissions and emphasis is misleading, and constitutes conclusions of law.

12.  The allegations repeated in the sub-paragraphs of paragraph 12, that "David A. Katz personally assured the Cheatles, represented, and warranted", are denied; since the purported representations arise from contracts, of which only the agreement of sale was a personal obligation of David A. Katz. Insofar as representations appear in the contracts, the terms of which have been admitted, the characterization of those documents are denied as conclusions of law.  Further, all terms of the construction contract, if they constitute representations, are representations of PCI.  As to the remaining allegations:

A.   Allegations concerning the content of zoning ordinances or compliance with them are denied as conclusions of law.  Allegations concerning breaches of contract are denied as conclusions of law.  Certain design alterations were made with the knowledge,

direction and approval of the Cheatles, who
accepted credits toward other extra items.
All remaining allegations are denied.

B.   Denied.  The house was delivered on
July 26, 2001 and occupancy was authorized by
Township officials verbally, and the parties
agreed that the August 22, 2001 issuance of
the Certificate of Occupancy would be the
warranty date, all agreements made to the
plaintiffs' benefit.  Any personal expenses
incurred by the Cheatles were due to the fact
that they accepted an extremely high price
for their prior home, conditioned on a very
short closing date.  As to any expenses,
after reasonable investigation, defendants
are without knowledge or information
sufficient to form a belief as to their truth
or falsity.  All remaining allegations are
denied.

C.   Denied.  PCI agreed to make certain
changes demanded verbally by plaintiffs.  All
construction was as agreed, either in
writing, or pursuant to the Cheatles' verbal
demands.  All remaining allegations are

5

denied.

      D.   Denied.

      E.   Denied, except the plaintiffs were shown the Katz home.

      F.   Denied, except that the Katz residence had been listed for sale because plaintiffs are impossible to deal with as neighbors, although any sale has been prevented by the *lis pendens* indexed by defendants in this matter, without factual or legal basis.

      G.   Denied.

      H.   Denied.

      I.   Denied.

13. Denied.

14. Denied.

15. Denied, and it is further averred that PCI's skill as a general contractor was represented only to have been as the contractor of the Katz residence. Allowing children to make use of recreational facilities cannot constitute an easement running with the land; and any such easement was not granted in accordance with the Statute of Frauds.

16. Denied.

17. Denied.

6

18.   Denied, although it is admitted that multiple
punch lists have been submitted, some of which have been dealt
with on an on-going basis, the rest of which are without basis
and are claims that have been made in order to refuse to release
funds held in escrow.  The inspection which is reported in the
document as Exhibit "6" was prepared on behalf of plaintiffs at
their request, after that same inspector had approved all items
during construction and issued a Certificate of Occupancy.  There
would be no reason for any defendant to respond to that document,
as it is a letter addressed to plaintiffs and not defendants; and
it is unreasonable to accept claims that there are deficiencies
in construction based on assertions made by Township officials
inasmuch as there is still a Certificate of Occupancy in effect.
Any remaining allegations are denied.

**Count I**

19.   The Answers to paragraphs 1 through 18 inclusive
are incorporated by reference as if fully set forth herein.

20.   Denied, except that it is admitted that David A.
Katz was a party to the agreement of sale.

21.   Denied.  Any uncompleted punch list items were not
completed, due either to the refusal of plaintiffs to permit
completion or because they were not defects in materials or
construction.

7

22.  Denied.  The allegations of paragraph 22 are denied as conclusions of law.

23.  Denied.  The allegations of paragraph 23 are denied as conclusions of law.

24.  Denied, except that time was of the essence only insofar as construction was to be completed on or before October. The premises were occupied three months prior to that time.

25.  Denied.

26.  Denied.

27.  Denied.


**Count II**

28.  The Answers to paragraphs 1 through 27 inclusive are incorporated by reference as if fully set forth herein.

29.  Denied.

30.  Denied.


**Count III**

31.  The Answers to paragraphs 1 through 30 inclusive are incorporated by reference as if fully set forth herein.

32.  It is admitted that the documents attached were filed, but plaintiffs' right to do so is denied.

**Count IV**

33.  The Answers to paragraphs 1 through 32 inclusive are incorporated by reference as if fully set forth herein.

34.  Denied.  The allegations of paragraph 34 are denied as conclusions of law.

35.  Denied, except as to the offices admitted in Answer to paragraph 3 above.

36.  Denied.

37.  Denied.

38.  Denied.

39.  Denied.

40.  Denied.

41.  Denied.

42.  Denied.

43.  Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied.

**Count V**

48.  The Answers to paragraphs 1 through 47 inclusive are incorporated by reference as if fully set forth herein.

49.  Denied.

50.   Denied.

51.   Denied.

## Count VI

52.   The Answers to paragraphs 1 through 51 inclusive are incorporated by reference as if fully set forth herein.

53.   Denied.

54.   Denied.

## Count VII

55.   The Answers to paragraphs 1 through 54 inclusive are incorporated by reference as if fully set forth herein.

56.   Denied.

## Count VIII

57.   The Answers to paragraphs 1 through 56 inclusive are incorporated by reference as if fully set forth herein.

58.   Denied, and the allegations of this pleading are incorporated by reference as if fully set forth herein.

59.   Denied.

60.   Denied.

61.   Denied.

### Count IX

62.    The Answers of paragraphs 1 through 61 inclusive are incorporated by reference as if fully set forth herein.

63.    Denied.

### Second Defense

64.    Plaintiffs' Complaint fails to state a claim upon which this Court may grant relief.

### Third Defense

65.    This Court is without jurisdiction over the subject matter of this action.

### Fourth Defense

66.    All claims arising under or related to the contracts are merged in the deed to the premises, and are, therefore, barred.

### Fifth Defense

67.    Plainiffs' claims are barred by their contributory negligence.

### Sixth Defense

68.    Plaintiffs' claims are barred by estoppel.

11

**Seventh Defense**

69.   Plaintiffs' claims regarding an easement are barred by the statute of frauds.

**Eighth Defense**

70.   Plaintiffs' claims with regard to alleged deviations from the contract or promises are barred by their repeated verbal demands for the work.

**Ninth Defense**

71.   Plaintiffs' claims are barred by their conduct in directing subcontractors to deviate from the written agreement.

**Tenth Defense**

72.   Plaintiffs' claims are barred by dismissing subcontractors themselves.

**Eleventh Defense**

73.   Plaintiffs violated the construction agreement by their continual presence on the construction site and their interference with the work.

**Twelfth Defense**

74.   The Uniform Planned Community Act is inapplicable

to the claims asserted in this action.

## Thirteenth Defense

75.  The Unfair Trade Practices and Consumer Protection Law is inapplicable to the claims asserted in this action.

WHEREFORE, defendants pray that Plaintiffs' Complaint be dismissed.

## Counterclaims

### Count I

### Paradise Contractors, Inc. v. Robert S. Cheatle, Jr. and Nancy A. Cheatle

76.  Plaintiffs have failed to pay Paradise Contractors, Inc. the full agreed price for the work performed pursuant to the contract attached as Exhibit "2" to their Complaint.

77.  The sum unpaid under that contract is Fifty Thousand ($50,000.00) Dollars.

78.  Paradise Contractors, Inc. made a payment on plaintiffs' behalf to Sun Electric in the amount of Twelve Thousand Two Hundred Seventy-Five ($12,275.00) Dollars, less a credit of Six Thousand Seven Hundred Forty-Five ($6,745.00) Dollars, for a total of Fifty-Five Thousand Five Hundred Thirty

13

($55,530.00) Dollars owed to Paradise Contractors and unpaid.

WHEREFORE, Paradise Contractors, Inc. prays that this Court enter judgment in its favor and against plaintiffs in the amount of Fifty-Five Thousand Five Hundred Thirty ($55,530.00) Dollars, plus interest and the costs of this action.

### Count II

### Paradise Contractors, Inc. v. Robert S. Cheatle, Jr. and Nancy A. Cheatle

79.  Plaintiffs entered into the agreement with Paradise Contractors, Inc., attached as Exhibit "2" to their Complaint, with the intention to induce Paradise Contractors, Inc. to construct a residence for them, with the specific intention make sham claims in order to avoid paying the full agreed price.

80.  Paradise Contractors, Inc. entered into the construction agreement in reliance on plaintiffs' representations to pay the agreed-upon price

81.  As a result, Paradise Contractors, Inc. has suffered damages in the amount of Fifty-Five Thousand Five Hundred Thirty ($55,530.00) Dollars, plus the additional costs of complying with plaintiffs' demands, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

WHEREFORE, Paradise Contractors, Inc. prays that this

Court enter judgment in its favor, and against plaintiffs, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus punitive damages and the costs of this action.

                    VANGROSSI & RECCHUITI


          BY:    _____
                 FRANCIS RECCHUITI
                 ATTORNEY I.D. #09284
                 319 Swede Street
                 Norristown, PA 19401
                 (610) 279-4200

                 Attorneys for Defendants

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that on this date, I served a true and correct copy of Defendants' Answer, Affirmative Defenses and Counterclaim upon the following counsel by way of First Class Mail:

John C. Fenningham, Esuqire
(Attorney for Plaintiffs)
CORR, STEVENS & FENNINGHAM
Suite 315, 5 Neshaminy Interplex
Trevose, PA  19053


BY: _____
    FRANCIS RECCHUITI
    Attorneys for Defendants


DATE:    APRIL 14, 2003