F:\WP\WORK\RTG\7502-026.1 Proposed Findings Fact & Concl.doc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT S. CHEATLE, JR. and NANCY A. CHEATLE, husband and wife, | : | CIVIL ACTION NO. 02-CV-4405 |
| | : | |
| vs. | : | |
| | : | |
| DAVID A. KATZ and DAWN KATZ and PARADISE CONTRACTORS, INC. and PARADISE PINES HOMEOWNERS ASSOCIATION and PARADISE MANAGEMENT GROUP, INC. and PARADISE DEVELOPMENT GROUP, INC. | : | |

### PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs Robert S. Cheatle, Jr. and Nancy A. Cheatle ("Plaintiffs"), by and through their undersigned counsel, hereby submit their Proposed Findings of Fact and Conclusions of Law in advance of the April 14, 2004 Hearing before the Court. These Findings and Conclusions are based on agreed-upon provisions of the Settlement Agreement and Mutual Release and Stipulated Order ("Settlement Agreement") executed by the parties and signed by The Honorable Jacob P. Hart on February 26, 2004. A true and correct copy of the Settlement Agreement is incorporated herein and attached hereto as Exhibit "A".

### FINDINGS OF FACT

1. The testimony of Plaintiffs' witness, Certified General Appraiser Edward G. Ireland, III, SRA, is credible and consistent with generally accepted appraisal and valuation standards applicable to the issue before this Court.

2. Mr. Ireland's Uniform Residential Appraisal Report, dated December 3, 2003, is credible and consistent with generally accepted appraisal and valuation standards applicable to the issue before this Court.

3. Plaintiffs established, through Mr. Ireland's testimony and Report, the Fair Market Value of the Land and Home at 834 Paradise Drive, Ambler, Pennsylvania, 19002, without regard to, or offset for, the existing defects and deficiencies alleged in the Complaint, all as prescribed within the parties' agreed terms set forth in the Settlement Agreement.

4. Plaintiffs established, through Mr. Ireland's testimony and Report, that the Fair Market Value should be the price established pursuant to ¶¶ 5 and 6 of the parties' Settlement Agreement.

5. The Fair Market Value/ price for purposes of ¶ 7 of the Settlement Agreement is $1,675,000.00.

6. Plaintiffs complied with the requirements of ¶ 11 of the Settlement Agreement, as Plaintiffs permitted Defendants' real estate agent, Linda J. Gedney of Prudential Fox & Roach Realtors, to inspect the Land and Home on March 22, 2004.

7. Otherwise, the parties shall perform the remaining terms of the Settlement Agreement, as prescribed therein; and, Plaintiffs shall tender to Defendants' counsel, a Praecipe to Lift Lis Pendens on the Defendants' Property, as part of the consummation of their settlement at the Closing.

## CONCLUSIONS OF LAW

1. In accordance with ¶ 7 of the Settlement Agreement, Defendants shall purchase the Land and Home from Plaintiffs in its "As Is" condition, for the Fair Market Value of $1,675,000.00.

2. In accordance with ¶ 8 of the Settlement Agreement, no portion of the $50,000 held back by Plaintiffs under the original Contract shall be credited toward the Purchase Price.

3. In accordance with ¶ 8 of the Settlement Agreement, Defendants waived any claim for the $50,000 against the Plaintiffs and/or Plaintiffs' Construction Financing lender, and any such claim is dismissed with prejudice.

4. In accordance with ¶ 9 of the Settlement Agreement, Closing on the Land and Home shall occur on the <u>earlier</u> of: (a) Sixty (60) days from the date of the written Notice to Close provided by the Plaintiffs to the Defendants, but not less than one hundred twenty (120) days from the date of this Court's Order following the Hearing; or (b) Nine (9) months from the date of this Court's Order following the Hearing.

5. Paragraph 12 of the Settlement Agreement shall be performed as agreed by the parties thereto.

6. Paragraph 13 of the Settlement Agreement shall be in full force and effect.

7. In accordance with ¶ 14 of the Settlement Agreement, this Court shall retain jurisdiction over this matter to ensure that the terms of the Settlement Agreement are fulfilled and enforced by the parties.

8. Upon full compliance with the foregoing, all claims are dismissed or repudiated, pursuant to ¶ 16 of the Settlement Agreement.

9. Upon full compliance with the foregoing, as part of the Closing, the Plaintiffs will dismiss the Lis Pendens indexed by the Court of Common Pleas of Montgomery County against the Defendants' Property.

10. The foregoing constitutes a non-appealable, final Order pursuant to ¶ 6 of the Settlement Agreement.

                Respectfully submitted,

                _____
                John C. Fenningham
                Maura F. Ratigan
                CORR, STEVENS & FENNINGHAM LLP
                Five Neshaminy Interplex, Suite 315
                Trevose, PA  19053
                (215) 639-8995

Dated:  March 31, 2004            Attorneys for Plaintiffs,
                Robert S. Cheatle, Jr. and Nancy A. Cheatle

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this day, a copy of Plaintiffs' Proposed Findings of Fact and Conclusions of Law was sent via regular U.S. Mail to the following individual:

Francis Recchuiti
VANGROSSI & RECCHUITI
319 Swede Street
Norristown, PA  19401-4801
Attorney for Defendants

                                                                                                                                  _____

Dated:  March 31, 2004                                               Maura F. Ratigan