IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT S. CHEATLE, JR. and<br>NANCY A. CHEATLE | : | CIVIL ACTION |
| | : | |
| v. | | |
| | : | |
| DAVID A. KATZ and DAWN KATZ,<br>PARADISE CONTRACTORS, INC.,<br>PARADISE PINE HOMEOWNERS<br>ASS'N, PARADISE MGMT. GROUP,<br>INC. and PARADISE DEV. GROUP, INC. | :<br><br>: | <br><br><br><br>NO.  02-4405 |

**MEMORANDUM ORDER**

THOMAS J. RUETER                                                                                   April 27, 2004
United States Magistrate Judge

    On April 26, 2004, the court held a hearing pursuant to the Settlement Agreement and Mutual Release and Stipulated Order, executed by the parties on February 26, 2004 (hereafter "Settlement Agreement").  After careful consideration of all the testimony and the arguments of counsel, the court makes the following:

**FINDINGS OF FACT**

    1.  The court finds that both appraisers (Edward G. Ireland, III and John C. Davidson) are highly qualified and credible experts.  Nonetheless, the court finds that both of their reports contain deficiencies.

    2.  Mr. Ireland, when calculating the square footage of plaintiffs' home, improperly included the sub-grade areas of the basement, in contravention to the Uniform Standards of Professional Appraisal Practice.  When making his comparable analysis, Mr. Ireland

exclusively relied upon properties in Lower Gwynedd, Pa., which is a more prestigious and desirable locale, than the township where plaintiffs' home is located. As Mr. Davidson testified, most buyers would pay a premium for the Lower Gwynedd address. Mr. Ireland did not add any value to the Lower Gwynedd properties on account of their neighborhood.

3. Mr. Davidson's report also is flawed. In conducting his cost analysis of the subject property, Mr. Davidson undervalued the plaintiffs' land, appraising it at less than the price purchased by plaintiffs two years earlier. Both experts agree that the value of real property in the relevant area has increased in the past two years. Mr. Davidson also was incorrect in failing to give added value to the fact that plaintiffs' four-home enclave is protected by a remote-controlled gate, a unique feature not available to the homes Mr. Davidson provide as his comparables. Not only is the gate a deterrent to potential burglars, but inhibits the driving public and unwelcome solicitors from gaining access to the plaintiffs' property. Finally, Mr. Davidson did not give enough monetary credit to the plaintiffs for the substantial improvement to their basement, a very attractive feature to potential buyers.

4. Given the deficiencies in the Reports of the two experts, the court must determine "a Fair Market Value figure between the parties' figures, within [my] discretion." (Settlement Agreement ¶ 5.) I determine the Fair Market Value (as defined in ¶ 4 of the Settlement Agreement) of 834 Paradise Drive, Ambler, Pa., to be One Million Three Hundred Thousand Dollars ($1,300,000.00).

**CONCLUSIONS OF LAW**

1. The court shall retain jurisdiction over this matter for purpose of enforcing the Settlement Agreement, and these Findings of Fact and Conclusions of Law.

2. As the above-captioned case is now settled in accordance with the Settlement Agreement, the action is **DISMISSED** with prejudice, without costs, pursuant to Local Rule 41.1(b).

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge